**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**UNITED STATES OF AMERICA**

    vs.                                              Criminal Action  2:23-cr-202
                                                    JUDGE MICHAEL H. WATSON

**STEPHAN C. McNEILL**

## REPORT AND RECOMMENDATION

Defendant Stephan C. McNeill previously pleaded not guilty to a *Superseding Indictment* charging him with possession of stolen mail in violation of 18 U.S.C. § 1708 (Count 1), being a felon in possession of firearms in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8) (Count 2), and wire fraud in violation of 18 U.S.C. § 1343 (Count 3). *Superseding Indictment*, ECF No. 38. The *Superseding Indictment* also includes forfeiture provisions. *Id.* The United States and defendant thereafter entered into a *Plea Agreement*, ECF No. 49, executed pursuant to the provisions of Fed. R. Crim. P. 11(c)(1)(C), whereby defendant agreed to plead guilty to Counts 2 and 3 of the *Superseding Indictment.*[1] On October 30, 2024, defendant personally appeared with his counsel for a change of plea proceeding.[2]

Defendant consented, pursuant to 28 U.S.C. §636(b)(3), to enter a guilty plea before a Magistrate Judge. *See United States v. Cukaj,* 25 Fed. Appx. 290, 291(6th Cir. 2001)(Magistrate Judge may accept a guilty

---

[1] Paragraph 1 of the *Plea Agreement* also refers to Counts 1 and 2; the parties agree that this reference is erroneous and that defendant intends to plead guilty to Counts 2 and 3 of the *Superseding Indictment*. In addition to specifying sentencing terms, the *Plea Agreement* includes an appellate waiver that preserves only certain issues for appeal, collateral challenge, and motion for reduction of sentence. In the *Plea Agreement*, defendant agreed to a restitution obligation in the amount of $ 22,695 and to forfeit the firearms specified in the *Superseding Indictment* as well as associated ammunition; he also agreed to a forfeiture money judgment in the amount of $ 22,695.

[2] After the filing of the *Superseding Indictment* but prior to the filing of the *Plea Agreement,* defendant filed a *pro se* motion to suppress or to dismiss, ECF No. 44, and his counsel filed a motion for leave to withdraw, ECF No. 45. At the change of plea proceeding, and in response to the Court's inquiry, defendant expressly stated that he did not wish to proceed with his motion to suppress or to dismiss, and that he wished to change his plea, pursuant to the *Plea Agreement*, with the assistance of his current counsel. Both motions, ECF Nos. 44, 45, were therefore **WITHDRAWN**. The government's motion for a *Lafler* hearing, ECF No. 48, is likewise **WITHDRAWN.**

1

plea with the express consent of the defendant and where no objection to the report and recommendation is filed).

During the plea proceeding, the undersigned observed the appearance and responsiveness of defendant in answering questions. Based on that observation, the undersigned is satisfied that, at the time he entered his guilty plea, defendant was in full possession of his faculties, was not suffering from any apparent physical or mental illness, and was not under the influence of narcotics, other drugs, or alcohol.

Prior to accepting defendant's plea, the undersigned addressed defendant personally and in open court and determined his competence to plead. Based on the observations of the undersigned, defendant understands the nature and meaning of the charges in the *Superseding Indictment* and the consequences of his plea of guilty to Counts 2 and 3. Defendant was also addressed personally and in open court and advised of each of the rights referred to in Rule 11 of the Federal Rules of Criminal Procedure.

Having engaged in the colloquy required by Rule 11, the Court concludes that defendant's plea is voluntary. Defendant acknowledged that the *Plea Agreement* filed on October 16, 2024,[3] represents the only promises made by anyone regarding the charges in the *Superseding Indictment*. Defendant was advised that the District Judge may accept or reject the *Plea Agreement*. Defendant was further advised that, if the District Judge refuses to accept the *Plea Agreement*, defendant will have the opportunity to withdraw his guilty plea but that, if he does not withdraw his guilty plea under those circumstances, the District Judge may impose a sentence that is more severe than the sentence contemplated in the *Plea Agreement*, up to the statutory maximum.

---

[3] The *Plea Agreement* is signed by defendant's counsel on defendant's behalf. At the change of plea proceeding, defendant expressly testified that he authorized his attorney to do so.

Defendant confirmed the accuracy of the statement of facts supporting Counts 2 and 3, which is attached to the *Plea Agreement*.[4] He confirmed that he is pleading guilty to Counts 2 and 3 of the *Superseding Indictment* because he is in fact guilty of those crimes. The Court concludes that there is a factual basis for the plea.

The Court concludes that defendant's plea of guilty to Counts 2 and 3 of the *Superseding Indictment* is knowingly and voluntarily made with understanding of the nature and meaning of the charges and of the consequences of the plea.

It is therefore **RECOMMENDED** that defendant's guilty plea to Counts 2 and 3 of the *Superseding Indictment* be accepted. Decision on acceptance or rejection of the *Plea Agreement* was deferred for consideration by the District Judge after the preparation of a presentence investigation report.

In accordance with S.D. Ohio Crim. R. 32.1, and as expressly agreed to by defendant through counsel, a written presentence investigation report will be prepared by the United States Probation Office. Defendant will be asked to provide information; defendant's attorney may be present if defendant so wishes. Objections to the presentence report must be made in accordance with the rules of this Court.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

---

[4] The *Statement of Fact* supporting defendant's guilty plea to Counts 2 and 3 is also signed by defendant's counsel on defendant's behalf. At the change of plea proceeding, defendant expressly testified that he authorized his attorney to do so.

3

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in the forfeiture of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See United States v. Wandahsega,* 924 F.3d 868, 878 (6th Cir. 2019); *Thomas v. Arn,* 474 U.S. 140 (1985).

October 30,2024                     *s/  Norah McCann King*
                                    Norah McCann King
                                    United States Magistrate Judge

4